Electra Radio Inc. v. Commissioner.
Electra Radio, Inc. v. Commissioner
Docket No. 60380.
United States Tax Court
T.C. Memo 1958-132; 1958 Tax Ct. Memo LEXIS 95; 17 T.C.M. (CCH) 694; T.C.M. (RIA) 58132; July 10, 1958
*95 During 1949 and 1950, petitioner entered into a number of service contracts in connection with the sale of television sets wherein it agreed to render service to the purchasers of the sets for a period of 12 months. Petitioner returned its income from such contracts on a monthly pro rata basis and reported in Schedule L of its returns that part of the contract price being deferred to the following year. After more than 3 years had elapsed from the filing of the returns, the respondent determined that that portion of the deferred income actually received in the earlier year should be included in the income of the earlier year and determined deficiencies on that basis for both years. Held, the additional income determined by the respondent was not such an omission from gross income as is provided for in section 275(c) of the Internal Revenue Code of 1939 and that the deficiencies determined by the respondent are barred by the 3-year statute of limitations provided for in section 275(a) of the 1939 Code. The Colony, Inc. v. Commissioner, 357 U.S. 28 (June 9, 1958) followed. Earle H. Grossman, Esq., 60 Wall Street, New York, N. Y., for the petitioner. Clarence P. Brazill, Jr., Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined deficiencies in income tax for the taxable years ending December 31, 1949, and 1950 in the amounts of $1,927.68 and *97 $1,718.02, respectively. The issues are: (1) Whether petitioner can properly defer to a subsequent year income from television service contracts where such income was received without restrictions on its use during the taxable year, and (2) whether petitioner omitted from gross income amounts in excess of 25 per cent in each of the taxable years for purposes of applying the 5-year statute of limitations under section 275(c), I.R.C. of 1939. Findings of Fact Petitioner is a corporation organized under the laws of the State of New York with its office in Brooklyn, N. Y.
Petitioner kept its books on an accrual basis of accounting and filed its income tax returns for the calendar years 1949 and 1950 on March 6, 1950, and March 12, 1951, respectively, with the then collector of internal revenue for the first district of New York. During the taxable years 1949 and 1950, petitioner was engaged in the business of selling television sets. Also during the taxable years the petitioner entered into contracts with its customers to service television sets for a period of 12 months. At the end of each month, petitioner would pick up as income one-twelfth of the service contract price. For *98 example, if petitioner entered into a contract on November 1, 1949, it would allocate two-twelfths of the service contract price as income in 1949 and the other ten-twelfths it would allocate and defer to 1950. The contract price of each service contract averaged between $60 and $80. On page 4 of its returns for 1949 and 1950, petitioner, in "Schedule L - Balance Sheets," reported "Surplus reserves" itemized as follows: Taxable Year 1949
Beginning
End
of Year
of Year
Deferred Income on Serv-
ice Contracts
$ 8,896.32
Taxable Year 1950
Deferred Income on Con-
tracts
$8,896.32
18,027.47
Of the $8,896.32 deferred in its 1949 return, petitioner actually collected $8,506.32 in 1949. The respondent added this latter amount to petitioner's net income as disclosed by its return for 1949 and, in a statement attached to the deficiency notice, explained the adjustment as follows: "It is held that television service fees received in advance are income in the year of receipt and are not to be prorated over the term of the service contracts. Accordingly, your gross income for the year 1949 is increased by $8,506.32." Of the $18,027.47 deferred in *99 its 1950 return, petitioner actually collected $15,975.97 in 1950. The respondent added this latter amount (less $8,506.32) to petitioner's net income as disclosed by its return for 1950 and, in a statement attached to the deficiency notice, explained the adjustment as follows: "It is held that television service fees of $15,975.97 received in advance during 1950 are income in the year of receipt and are not to be prorated over the term of the service contracts. Such fees received prior to 1950, amounting to $8,506.32, which were reported as income in 1950 on a prorated basis are eliminated from income. Accordingly, your gross income for 1950 is increased by $7,469.65, as follows: "Received in 1950 and deferred
at 12/31/50
$15,975.97
Received in prior year and
reported in 1950
8,506.32
Increase
$ 7,469.65"
No restriction was placed on petitioner's use of the money received from the television service contracts. On February 9, 1955, petitioner and respondent entered into an agreement on Form 872 whereby the time for assessment of taxes for the taxable year 1949 was extended to June 30, 1956. This agreement provided in part as follows: "This waiver applies *100 only if Commissioner finds that taxpayer omitted more than 25% of gross income." The statutory notice in which deficiencies were determined for the taxable years 1949 and 1950 was mailed September 14, 1955. On page 1 of its returns for 1949 and 1950, petitioner reported the following items under the heading of "Gross Income:" 1949
1950
1. Gross Sales
$128,211.50
$154,319.07
2. Less: Cost of goods
sold (from Schedule
A)
106,524.55
126,882.61
3. Gross profit from sales
$ 21,686.95
$ 27,436.46
On page 2 of its returns for 1949 and 1950, petitioner in Schedule A, reported "Cost of goods sold" as follows: 1949
1950
Inventory at beginning
of year
$ 17,194.90
$ 19,396.86
Purchases
102,748.44
113,639.14
Salaries and wages
5,978.07
11,270.43
Other costs
4,040.93
Total
$125,921.41
$148,347.36
Less: Inventory at end
of year
19,396.86
21,464.75
Cost of goods sold
$106,524.55
$126,882.61
The additional income determined by the respondent for the years 1949 and 1950 of $8,506.32 and $7,469.65, respectively, was a part of the deferred income on service contracts shown by petitioner in its returns for those years *101 of $8,896.32 and $18,027.47, respectively. Opinion We may assume for the purposes of this report that if the determination of the deficiencies herein was within the 5-year period of the statute of limitations as provided in section 275(c) of the Internal Revenue Code of 1939, the determination was proper. See Bressner Radio, Inc., 28 T.C. 378 (on appeal to C.A. 2). Petitioner contends, however, that section 275(c) is not applicable here and that the deficiencies for both years are barred under the 3-year period provided in section 275(a) of the 1939 Code. These subsections of section 275 are in the margin.[1]
*102 We think the recent decision by the Supreme Court in The Colony, Inc. v. Commissioner, 357 U.S. 28 (June 9, 1958), is dispositive of our question here. In that case the taxpayer had understated the gross profit on the sales of certain lots of land for residential purposes as a result of having overstated the "basis" of such lots by erroneously including in their cost certain unallowable items of development expense. The Supreme Court held that such understatement of gross profits was not such an omission from gross income as intended by section 275(c) and that the tax assessments there were barred by the statute of limitations under section 275(a). In the course of its opinion, the Supreme Court said: "We think that in enacting § 275(c) Congress manifested no broader purpose than to give the Commissioner an additional two years to investigate tax returns in cases where, because of a taxpayer's omission to report some taxable item, the Commissioner is at a special disadvantage in detecting errors. In such instances the return on its face provides no clue to the existence of *103 the omitted item. On the other hand, when, as here, the understatement of a tax arises from an error in reporting an item disclosed on the face of the return the Commissioner is at no such disadvantage. * * * And without doing more than noting the speculative debate between the parties as to whether Congress manifested an intention to clarify or to change the 1939 Code, we observe that the conclusion we reach is in harmony with the unambiguous language of § 6501 (e)(1)(A) of the Internal Revenue Code of 1954. * * *" That part of the 1954 Code referred to by the Supreme Court is in the margin. [2]
In the instant case petitioner did not actually "omit" *104 the items of income of $8,506.32 and $7,469.65 from its returns for the years in question. True, it did not include the items in its computation of "Gross profit from sales" as shown on the returns. It did, however, report such items as a part of the "Deferred Income on Service Contracts" on page 4 of the returns. We think this was sufficient to apprise the respondent of the fact that it was deferring some of the income from its service contracts. We hold, therefore, that the respondent is not entitled to the additional 2 years referred to in section 275(c) within which to determine deficiencies in tax for the years 1949 and 1950, and that the deficiencies determined by him for those years are barred by the statute of limitations provided for in section 275(a) of the 1939 Code. The Colony, Inc. v. Commissioner, supra.
Decision will be entered for the petitioner. Footnotes
1. SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION. Except as provided in section 276 - (a) General Rule. - The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period. * * *
(c) Omission from Gross Income. - If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed.↩
2. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (e) Omission from Gross Income. - * * * (1) Income Taxes. - * * * (A) General Rule. - * * *
(ii) In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary or his delegate of the nature and amount of such item.↩